**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JOSEPHINE SMITH,**

    **Plaintiff,**

vs.                                            Case No.  4:00cv449-RH/WCS

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**

    **Defendant.**

                                          /

## REPORT AND RECOMMENDATION

    This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D. LOC. R. 72.2(D).  It is recommended that the decision of the Commissioner be affirmed.

    Plaintiff, Josephine Smith, was awarded widow's insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq., at some time in the early 1990's.  Defendant was convicted in this district of several felonies and on March 21, 1997, was sentenced to a term of 97 months imprisonment.  Case Number 5:96cr12-SPM.  On June 11, 1997, the Social Security Administration notified Plaintiff that it had

stopped payment of the widow's benefits as of January, 1997, "because you are imprisoned for conviction of a crime that can carry a sentence of more than one year." R. 76.

Plaintiff was afforded the right to appeal, and she availed herself of her administrative remedies. See doc. 56, setting forth the lengthy procedural history of Plaintiff's claims. The Administrative Law Judge determined on October 14, 2005, after a second administrative hearing, that Plaintiff's widow's insurance benefits were properly suspended because she was confined pursuant to a federal felony conviction. R. 28.

> In 1997, 42 U.S.C. § 402(x) provided:
>
> (x) Limitation on payments to prisoners and certain other inmates of publicly funded institutions
>
> (1)(A) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month during which such individual--
>
> (i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of an offense punishable by imprisonment for more than 1 year (regardless of the actual sentence imposed), or . . . .

42 U.S.C. § 402(x)(1)(A)(i) (1997). It was proper for the Commissioner to stop payments to Plaintiff while she was "confined" pursuant to this court's prison sentence.

Plaintiff argues that she was entitled to continue to receive her widow's benefit while in prison pursuant to 21 U.S.C. § 862, which gives authority to the sentencing court to render a defendant ineligible for any federal benefit if convicted of any federal or state offense consisting of the distribution or possession of controlled substances, but federal benefits under that statute does not mean social security benefits. § 862(a), (b)

and (d). Plaintiff was convicted of sexual exploitation of children (child pornography), not involvement with drugs. R. 48-49. 21 U.S.C. § 862 has no application to Plaintiff.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to suspend payment Plaintiff's widow's insurance benefits while she was confined pursuant to a federal felony conviction be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 24, 2008.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**